■ In the Matter of STEPHEN C.—Order unanimously affirmed without costs. Memorandum: Respondent, the adjudicated father of a baby born out of wedlock on January 9, 1988, appeals from an order of Family Court approving against him an instrument executed by the mother under Social Services Law § 384, surrendering the child for adoption. That section requires execution of a surrender by the father of an out-of-wedlock child only if the father's consent would be required for adoption pursuant to Domestic Relations Law § 111 (Social Services Law § 384 [1] [c]). The court ruled that section 111 (1) (e) applied and was not unconstitutional as. applied to respondent.

While this appeal was pending, the Court of Appeals declared that Domestic Relations Law § 111 (1) (e) is unconstitutional and promulgated interim rules to be applied until new legislation is enacted *(Matter of Raquel Marie X.,* 76 NY2d 387).

A best interests hearing pursuant to Social Services Law

§ 384-c (3) was held at which respondent testified. The father first learned that a pregnancy had occurred, that a baby had been born, and that he was in foster care after the birth mother signed an adoption surrender. As soon as he learned of the baby's existence, he asserted that he was the father and sought custody. Paternity was adjudicated some months later after blood testing. The court found that the father had told a caseworker in May 1988 that he thought he was the father, that he did not want the child adopted and that, because he did not feel that he could raise the child himself, he wanted to place the child either with the paternal grandmother in Puerto Rico or with his sister in Texas, neither of whom communicated willingness to take the child. The court also found that the father tried to persuade the birth mother to keep the child and never told her or DSS that he wanted to raise the child. The court found that the father told the caseworker that "his 'pride' wants him to keep the child." The court discounted the father's requests for custody and visitation in view of his stated intention not to raise the child. At the time of the hearing the father was in jail awaiting sentencing on a criminal charge. He told the court that his mother or another relative would come for the child and fly him back to Puerto Rico but this was not substantiated in any way.

We find that respondent has not met the threshold criterion that he is willing himself to assume full custody of the child and not merely to block adoption by others (see, Matter of Raquel Marie X., supra, at 408). The order approving the surrender against him therefore is affirmed. (Appeal from Order of Wayne County Family Court, Strobridge, J.—Surrender of Custody.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.